**Not for Publication in West's Federal Reporter**

# United States Court of Appeals

## For the First Circuit

No. 07-2620

LUIS M. CORUJO, ET AL.,
Plaintiffs, Appellees,

v.

EUROBANK, SUCCESSOR IN INTEREST TO THE
BANK & TRUST OF PUERTO RICO,
Defendant, Appellant,

SIRO PÉREZ-OLIVA, ET AL.,
Defendants.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO
[Hon. Jaime Pieras, Jr., U.S. District Judge]

Before

Boudin, Lipez and Howard,
Circuit Judges.

José F. Sarraga, Eugene F. Hestres-Vélez and Bird Bird &
Hestres, P.S.C., on brief for appellant.
Rubén T. Nigaglioni, Veronica Ferraiuoli and Antonio
Valiente, Nigaglioni & Ferraiuoli Law Offices, P.S.C., on brief
for appellees.
Harvey Weiner, Jill M. Brannelly and Peabody & Arnold, LLP,
on brief amici curiae for Calvesbert Law Offices.

November 17, 2008

**Per Curiam**.  Defendant, Eurobank, appeals from the district court's dismissal, without prejudice, of plaintiffs' complaint for lack of prosecution.  The dismissal was based on plaintiffs' failure to file a memorandum prior to the initial scheduling conference, as required by the district court's initial scheduling conference order.  On appeal, Eurobank understandably does not object to the dismissal per se but argues that it should have been with prejudice, as it had unsuccessfully argued in a motion to amend the judgment.  A side issue, which turns out to be irrelevant, is whether the district court had subject matter jurisdiction.  For the reasons discussed below--essentially, that the district court did not abuse its discretion in dismissing this case without, rather than with, prejudice--we summarily affirm.

Although Eurobank alleged lack of subject matter jurisdiction in its answer to the complaint, it made no motion to dismiss the case on that ground, and the district court had no occasion to consider the issue before it dismissed the case at the initial scheduling conference. Regardless of whether the district court lacked subject matter jurisdiction over plaintiffs' claims, in the absence of a judicial determination that such jurisdiction was lacking, the court had the power to "requir[e] those practicing before [it] to conduct themselves in compliance with the applicable procedural rules in the interim, and to . . . impose . . . sanctions in the event of their failure to do so,"  Willy v.

Coastal Corp., 503 U.S. 131, 139 (1992), at least where, as here, the sanction "'does not signify a district court's assessment of the legal merits of the complaint.'" Id. (quoting Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 396 (1992)).

Therefore, without resolving the question of subject matter jurisdiction, we turn to the issue of whether dismissing the case without, rather than with, prejudice was an abuse of discretion and conclude that it was not. Our resolution of that issue results largely from the highly deferential standard of appellate review that applies. "Since the district court has first-line authority for case-management decisions and is intimately familiar with the ebb and flow of the cases on its docket, an appellate court should 'step softly' when asked to set aside a district court's choice of sanctions for the violation of a case-management order." Torres v. Puerto Rico, 485 F.3d 5, 10 (1st Cir. 2007). Even if it would have been within the court's discretion to dismiss the case with prejudice--a doubtful proposition, given "no pattern of the plaintiffs repeatedly flouting court orders,"[1] Benitez-Garcia v. Gonzalez-Vega, 468 F.3d

---

[1]The only instance of noncompliance identified by the district court was plaintiffs' failure to file a memorandum prior to the initial scheduling conference, as required by the court's initial scheduling conference order. Because there is no transcript of the scheduling conference in the record, and the appellant has not used the procedures of Rule 10(c) of the Federal Rules of Appellate Procedure to create a record of that proceeding, we will disregard the various unsupported representations of the parties and the amicus as to precisely what transpired there. Bogan v. City of

- 3 -

1, 5 (1st Cir. 2006); see also Link v. Wabash R.R. Co., 370 U.S. 626, 64 (1962) ("[declining to] decide whether unexplained absence from a pretrial conference would alone justify a dismissal with prejudice if the record showed no other evidence of dilatoriness on the part of the plaintiff")--that would not mean that dismissing it without prejudice was outside the court's discretion to choose a less severe sanction. Cf. Benitez-Garcia, 468 F.3d at 6 (faulting district court for failing to "consider[] whether a sanction as severe as dismissal with prejudice was needed or whether other sanctions might well have sufficed").

Consequently, we summarily affirm the district court's judgment and its denial of the motion to amend. 1st Cir. R. 27.0(c). The motion of amici curiae for leave to participate in oral argument is denied as moot.

---

Boston, 489 F.3d 417, 424 (1st Cir. 2007).